Jo v. JPMC Specialty Mortgage LLC

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of August, two thousand twenty.

Present:
> JON O. NEWMAN,
> ROSEMARY S. POOLER,
> PETER W. HALL,
>     *Circuit Judges.*

_____

BILLIAN JO, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF MEE JIN-JO,

> *Plaintiff-Appellant*,

> **v.**                                                           19-1616

JPMC SPECIALTY MORTGAGE LLC,

> *Defendant-Third-Party-Plaintiff-Appellee*,

WM SPECIALTY MORTGAGE LLC, DBA WM SPECIALTY MORTGAGE LLC, TRIPLE C TRANSPORTATION SERVICES, INC., DBA ADVANCED MOVING & STORAGE, LLC,

> *Defendants*.

ADVANCED MOVING & STORAGE, LLC,

> *Third-Party-Defendant*.

_____

Appearing for Appellant:    Billian Jo, pro se, Detroit, MI.

Appearing for Appellee:    Kenneth Jude, Flickinger, Eckert, Seamans,
               Cherin & Mellott, LLC, White Plains, NY.


   Appeal from an order of the United States District Court for the Western District of New York (Wolford, *J.*).

   **ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment be and it hereby is **AFFIRMED**.

   Appellant Billian Jo, proceeding pro se, appeals the district court's March 28, 2019 order denying her Fed. R. Civ. P. 59 motion for a new trial in favor of JPMC Specialty Mortgage LLC. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

   We review evidentiary rulings for abuse of discretion and "will reverse only for manifest error." *Cameron v. City of New York*, 598 F.3d 50, 61 (2d Cir. 2010) (internal quotation marks omitted). "In conducting our review, we are mindful of the wide latitude afforded district courts both in determining whether evidence is admissible, and in controlling the mode and order of its presentation to promote the effective ascertainment of the truth." *Manley v. AmBase Corp.*, 337 F.3d 237, 247 (2d Cir. 2003) (citations and internal quotation marks omitted). In assessing whether the evidentiary ruling affected the outcome of the case, we consider whether the evidence "bore on an issue that is plainly critical to the jury's decision [and] whether that [evidence] was material to the establishment of the critical fact or whether it was instead corroborated and cumulative." *Cameron*, 598 F.3d at 61 (internal quotation marks omitted).

   Jo argues that the district court made a host of evidentiary errors during her jury trial, including the court's preclusion of New York Department of Transportation ("NYDOT") records showing that the state had suspended the moving company's operating license at the time of the eviction. That claim is the only one on appeal that merits discussion.

   We will assume, for purposes of this appeal, that exclusion of NYDOT documents was error. However, that error was harmless in view of the following circumstances. At trial, the district court admitted into evidence a letter from Jo to defendant (exhibit 21) stating that she had been informed that the moving company's license had been revoked. Second, the court informed Jo that she could refer to the letter in her closing argument. Third, the court told Jo that she could testify that she had learned of the revocation of the moving company's license, and she availed herself of that opportunity. Fourth, the jury heard plaintiff's deposition testimony stating that she "contacted New York State and New York General Attorney and [] found that the moving company license was suspended and they have no legal right to do such business," App. at 68-

69, and that she wrote to defendant informing it that "the moving company is not licensed," App. at 70. In light of these circumstances and in the absence of any contrary evidence about the revocation of the moving company's license, the preclusion of the NYDOT documents does not warrant a new trial. Accordingly, plaintiff failed to demonstrate in this evidentiary challenge that "it is likely that in some material respect the factfinder's judgment was swayed by the error." *Costantino v. David M. Herzog, M.D., P.C.,* 203 F.3d 164, 174 (2d Cir. 2000) (internal quotation marks omitted).

We recognize that "[a] party appearing without counsel is afforded extra leeway in meeting the procedural rules governing litigation." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993); *see also Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983), but whether the excluded records warrant a new trial involves no interpretation of procedural rules. Moreover, it is apparent from the record that the district court made extensive efforts throughout the protracted pretrial proceedings to accommodate Jo's pro se status.

We have considered all of the appellant's remaining arguments and find them to be without merit. Accordingly, we affirm the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3